UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRAINE MCGEE                          CIVIL ACTION

VERSUS                                  NO: 08-4704

ARKEL INTERNATIONAL, LLC ET             SECTION: "J"(4)
AL


**ORDER AND REASONS**

Before the Court are Defendant, Arkel International LLC
("Arkel")'s Rule 12(b)(6) Motion to Dismiss for Failure to State
a Claim **(Rec. Doc. 112)**, which was set for hearing on Wednesday,
December 5, 2012, and Plaintiffs' Response, and Alternative
Motion to Substitute Kyle Everett as Real Party in Interest for
the Estate of Christopher Everett. **(Rec. Doc. 127)** Arkel has
filed a reply**. (Rec. Doc. 131)** Having considered the parties'
motions and memoranda, the record, and the applicable law, the
Court finds that Arkel's Motion to Dismiss **(Rec. Doc. 112)** should
be **GRANTED IN PART** and **DENIED IN PART**, and that Plaintiffs'
Alternative Motion to Substitute **(Rec. Doc. 127)** should be **DENIED**
for reasons explained more fully below.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The instant lawsuit arises from a fatal accident that occurred on September 7, 2005 in Taqaddum, Iraq, during which Sergeant Christopher Everett was fatally electrocuted while using an electric pressure washer to clean a Humvee. (Pl.'s First Am. Compl., ¶ 3.2, Rec. Doc. 105) Plaintiffs assert that Christopher Everett's death was caused by Arkel's failure to appropriately correct an improperly grounded generator that was installed, operated, and maintained by Arkel, and used to provide electricity to the power washer that Christopher Everett was using to clean the Humvee when he was electrocuted. (Pl.'s First Am. Compl., ¶ 3.2, Rec. Doc. 105) Plaintiffs further allege that, in addition to failing to correct the problem with the generator, Arkel falsely assured the troops that the problem had been remedied. (Pl.'s First Am. Compl., ¶ 3.2, Rec. Doc. 105)

Plaintiffs, Larraine McGee ("Ms. McGee") and Patrick Everett ("Mr. Everett"), the surviving parents of Christopher Everett, originally filed suit against three defendants, Kellog, Brown, and Root, Inc., KBR Technical Services, Inc., and Arkel, in Texas state court. Plaintiffs later filed suit against the same three defendants in Louisiana state court. (Pl.'s Pet., Rec. Doc. 1-2) The Louisiana case was removed to this Court on October 21, 2008 (Notice of Removal, Rec. Doc. 1), stayed on December 19, 2008 during the pendency of the Texas case (Order Administratively Closing Case, Rec. Doc. 29), and reopened on September 11, 2009,

2

after the Texas court granted Plaintiffs' motion to dismiss the Texas case without prejudice. (Order Granting Mot. to Lift Stay, Rec. Doc. 41). On July 27, 2009, while the case was administratively stayed, this Court dismissed Plaintiffs' claims against KBR Technical Services, Inc. and Kellog, Brown, and Root, Inc., pursuant to the parties' joint motion, leaving Arkel as the sole remaining defendant. (Rec. Docs. 36, 37)

On January 5, 2010, approximately four months after Plaintiffs' case was re-opened, Arkel filed a Motion for Summary Judgment, arguing that Plaintiffs' survival and wrongful death claims had prescribed under Louisiana law. (Def.'s Mot. for Summ. J., Rec. Doc. 79) Following oral argument on February 3, 2010, this Court granted Arkel's motion and entered judgment in Arkel's favor. (Rec. Docs. 78, 79) Plaintiffs appealed this Court's ruling, arguing that Iraqi law governed the merits of the Plaintiffs' tort claims. On February 16, 2012, the United States Court of Appeals for the Fifth Circuit reversed this Court's grant of summary judgment and ruled that Iraqi law, rather than Louisiana law, should govern the merits of Plaintiffs' tort claims against Arkel. McGee v. Arkel Int'l, LLC, 671 F.3d 539, 543 (5th Cir. 2012).[1] Thereafter, Arkel filed the instant

---

[1] As Arkel notes in its Motion to Dismiss, the Fifth Circuit declined to rule on numerous factual and legal issues that Arkel had not yet raised in the district court, such as when Plaintiffs became aware of the injury and Arkel's possible role in causing the injury, whether Plaintiffs' claims were prescribed under Iraqi law, and "whether parents of the deceased were proper parties under Iraqi law." McGee, 671 F.3d at 547-50. With respect to the third issue, the Fifth Circuit explicitly declined to rule in order to allow for further evidentiary presentation on the issue in this Court upon remand.

3

12(b)(6) Motion to Dismiss, to which Plaintiffs have responded.

**PARTIES' ARGUMENTS**

Arkel contends that Plaintiffs bear the burden of proving that they have viable claims under Iraqi law. Arkel argues that Plaintiffs' claims for the personal injuries that Christopher Everett suffered, including the claim that Ms. McGee asserts on behalf of Christopher Everett's estate, should be dismissed with prejudice, because Iraqi law does not recognize a cause of action for the personal injuries, pain, and mental anguish that a decedent suffered before his death. Relying on the Affidavit of Sermid Al-Sarraf ("Mr. Al-Sarraf"), an expert in Iraqi law, Arkel argues that the Iraqi judiciary does not award damages to the heirs of a person who dies from an injury for the pain and injury "sustained by the decedent's body," and does not, upon the injured person's death, examine the damage sustained by the decedent, or transfer the decedent's right to compensation, if any, to his heirs. (Mem. in Supp. of Mot. to Dismiss, p. 5, Rec. Doc. 112-1; Aff. of Sermid Al-Sarraf, ¶¶ 8(A)-(B), Rec. Doc 112-2) Arkel further argues, based on Mr. Al-Sarraf's affidavit, that if the injured person dies, his heirs' right to claim compensation for material damages sustained by the decedent is extinguished, that the alleged heirs may not file their action in the name of the original injured party, and that the decedent's estate does not have a claim for damages for a wrongful death

Id. at 550.

under the tort provisions of the Iraqi Civil Code (Mem. in Supp. of Mot. to Dismiss, p. 5, Rec. Doc. 112-1; Aff. of Sermid Al-Sarraf, ¶ 8(C), Rec. Doc 112-2) Thus, to the extent that Plaintiffs are bringing claims on behalf of Christopher Everett or the Estate of Christopher Everett for the injuries that Christopher Everett sustained prior to his death, Arkel argues that the Court should grant its 12(b)(6) motion, because Plaintiffs are not entitled to bring such a claim under Iraqi law.

In response, Plaintiffs argue that Arkel's motion should be denied. Specifically, Plaintiffs contend that under Article 205(2) and Article 38 of the Iraqi Civil Code, claims made by the parents or siblings of a decedent are proper. In support of their argument, Plaintiffs have submitted an affidavit from Ambassador Feisal Amin Istrabadi ("Ambassador Istrabadi") in which Ambassador Istrabadi concludes that Plaintiffs have satisfied the requirements of Iraqi Civil Code Article 205(2) by seeking compensation for their own injuries arising as a result of their son's death. Furthermore, Plaintiffs contend that Arkel's expert, Mr. Al-Sarraf, has also admitted that Plaintiffs' claims are properly before the Court under Article 205 of the Iraqi Civil Code. Alternatively, Plaintiffs move pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure to substitute Christopher Everett's brother, Kyle Everett, in place of the Estate of Christopher Everett to the extent that the Court

concludes that Plaintiffs have not pleaded proper claims on
behalf of the Estate of Christopher Everett. Plaintiffs contend
that because Arkel has alleged that the Estate of Christopher
Everett is not the real party in interest, Rule 17 mandates that
the Court allow the real party in interest to take its place.
Plaintiffs contend that Kyle Everett is an heir to Christopher
Everett's estate and should be substituted, because: (1)
Christopher Everett's parents are already parties to the action,
and (2) Kyle Everett has standing under Iraqi law, as Christopher
Everett's sibling, to assert a claim.  In support of this
argument, Plaintiffs cite <u>Anderson v. Bristol, Inc.</u>, 847 F. Supp.
2d 1128, 1134-35 (S.D. Iowa 2012) and <u>Webster v. Gower</u>, No. 07-
888, 2010 WL 520522, at *5 (D. Utah 2010) and argue that the
substitution would not prejudice the defendants and, furthermore,
that it is understandable if Plaintiffs did not name the correct
party, because the parties are now proceeding under Iraqi law.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff
must plead enough facts to "state a claim to relief that is
plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678
(2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 547
(2007)).  A claim is facially plausible when the plaintiff pleads
facts that allow the court to "draw the reasonable inference that
the defendant is liable for the misconduct alleged." <u>Id.</u>  A
court must accept all well-pleaded facts as true and must draw

all reasonable inferences in favor of the plaintiff.  Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  The court is not, however, bound to accept as true legal conclusions couched as factual allegations.  Iqbal, 556 U.S. at 678.

## DISCUSSION

As a preliminary matter, Arkel's references to Plaintiff's Original Petition for Damages,[2] in its Memorandum in Support of its 12(b)(6) Motion to Dismiss are misguided in light of the subsequent filing of Plaintiffs' First Amended Complaint (Rec. Doc. 105).  "An amended complaint supersedes the original complaint and renders it of no legal effect, unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."  King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (citing Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985)).  Although Plaintiffs' Original Petition for Damages (Rec. Doc. 1-2) was attached to the defendants' Notice of Removal, Plaintiffs have since filed a First Amended Complaint, which does not refer to, adopt, or incorporate by reference the Original Petition for Damages (Rec. Doc. 105).  Thus, Plaintiffs' Original Petition for Damages has no legal effect and is irrelevant for purposes of Arkel's Motion to Dismiss.

_____

[2] See Arkel's Mem. in Supp. of Mot. to Dismiss, p. 3 n. 7-9, Rec. Doc. 112-1.

Nevertheless, Arkel's error is inconsequential for purposes of the instant Motion to Dismiss.  Arkel asserts that Plaintiffs characterize the lawsuit in part as "a survival action for personal injuries to Chris Everett," citing Plaintiffs' Original Petition for Damages.  (Arkel's Mem. in Supp. of Mot. to Dismiss, p. 3, Rec. Doc. 112-1)  Although Plaintiffs eliminated all overt references to a "survival action" in their First Amended Complaint (See Pl.'s First Am. Compl., Rec. Doc. 105), they continue to seek damages for "personal injuries to Christopher Everett" and "the pain and mental anguish sustained by Christopher Everett before his death," (Pl.'s First Am. Compl., ¶¶ 4.1, 5.1, Rec. Doc. 105), elements of damage that are typically only recoverable in a survival action.  See Tudor v. Connelly, 514 F. Supp. 181, 183 (E.D. La. 1981).  Moreover, Christopher Everett's mother, Ms. McGee, continues to assert a claim "on behalf of the Estate of Christopher Everett," presumably to recover for the injuries, pain, and suffering that Christopher Everett individually experienced between the time of his injury and death (Pl.'s First Am. Compl., ¶ 6.1, Rec. Doc. 105)  Thus, although Arkel's arguments in their Motion to Dismiss were, in part, improperly based on Plaintiffs' allegations in their Original Petition for Damages, they apply with equal force to the allegations in Plaintiff's First Amended Complaint, and the Court analyzes them under the First Amended Complaint.

8

## A. Arkel's 12(b)(6) Motion to Dismiss

The Court finds that Plaintiffs have stated a claim under Article 205(2) of the Iraqi Civil Code, Law No. 40 of 1951, for the moral damages[3] that they allegedly personally suffered as a result of Christopher Everett's death.  Plaintiffs bear the burden of proving Iraqi law, and they have satisfied that burden.  McGee v. Arkel Int'l LLC, 671 F.3d 539, 546 (5th Cir. 2012) (citations omitted).  Both parties have submitted affidavits from experts in Iraqi law addressing the Iraqi legal principles implicated in this case.  Arkel has submitted an affidavit from Mr. Al-Sarraf.[4]  Plaintiff has submitted an affidavit from Ambassador Feisal Amin Istrabadi.[5]  Although both experts have

---

[3]   While the Court has not decided which of the categories of damages Plaintiffs request in their First Amended Complaint are recoverable as "moral damages" under Iraqi law, the Court notes that in civil law countries, "moral damages," are the rough equivalent of "general damages" at common law.  See Matthew T. Parish, Annalise K. Newlson, and Charles B. Rosenberg, "Awarding Moral Damages to Respondent States in Investment Arbitration," 29 Berkeley J. Int'l Law 225, 225 (2011), available at http://scholarship.law.berkeley.edu/bjil/vol29/iss1/7; In re Cudd Pressure Control, Inc., No. 98-585, 1999 WL 820551, *1 (E.D. La. Oct. 13, 1999) (BARBIER, J.).

[4]   Mr. Al-Sarraf is admitted to practice in both California and Iraq and is fluent in both English and Arabic.  (Aff. of Sermid Al-Sarraf, ¶¶ 1-2, Rec. Doc. 112-2)  Mr. Al-Sarraf worked for five years in the non-profit arena to restore the rule of law and rebuild legal and judicial institutions in Iraq. (Aff. of Sermid Al-Sarraf, ¶ 4, Rec. Doc. 112-2)  He has also appeared in a United States federal court as an expert witness and has provided expert testimony in multiple cases before the United Kingdom High Court on matters involving the application of Iraqi law.  (Aff. of Sermid Al-Sarraf, ¶ 5, Rec. Doc 112-2)  In addition, Mr. Al-Sarraf has testified before the United States Senate Committee on the Judiciary, Subcommittee on the Constitution, Civil Rights and Property Rights, and the Senate Committee on Foreign Relations, Subcommittee on Near Eastern and South Asian Affairs.  (Aff. of Sermid Al-Sarraf, ¶ 5, Rec. Doc. 112-2)

[5]   Ambassador Istrabadi is currently a Visiting Professor of Law at Maurer School of Law, and he is also fluent in English and Arabic. (Curriculum Vitae of Ambassador Feisal Amin Istrabadi, p. 1, Rec. Doc. 127-2; Aff. of Ambassador Feisal Amin Istrabadi, ¶ 2, Rec. Doc. 127-1)  Between 2007 and 2010, he was an Adjunct Visiting Professor in the Near Eastern Languages and Cultures Department at Indiana University Bloomington where he was the

offered slightly different translations of Article 205(2) of the
Iraqi Civil Code, Law No. 40 of 1951,[6] both experts agree that
Article 205(2) is a relevant legal provision in this case and
that Plaintiffs are entitled to pursue claims in their individual
capacities under Article 205(2) for the moral damages that they
personally suffered as a result of their son's death.  (Aff. of
Sermid Al-Sarraf, ¶¶ 15-17, Roc. Doc. 112-2; Aff. of Ambassador
Feisal Amin Istrabadi, ¶¶ 8-11, Rec. Doc. 127-1)  Although Mr.
Al-Sarraf emphasizes in his affidavit that Plaintiffs must file
suit in their own names, it is apparent from Plaintiffs' First

---

Chair of the Committee for Middle Eastern Studies, the Co-Chair of the
Politics and Islam Working Group.  (Curriculum Vitae of Ambassador Feisal Amin
Istrabadi, p. 1, Rec. Doc. 127-2)  His research interests include the
emergence of the rule of law and establishment of legal institutions in
transitional processes, with a focus on Iraq and the Middle East, and he has
taught seminars on Constitutionalism in the Middle East and Democratization in
the Middle East, among other things. (Curriculum Vitae of Ambassador Feisal
Amin Istrabadi, p. 1, Rec. Doc. 127-2) He is currently the deputy permanent
representative of Iraq to the United Nations.  (Curriculum Vitae of Ambassador
Feisal Amin Istrabadi, p.1, Rec. Doc. 127-2) Prior to this appointment,
Ambassador Istrabadi practiced for over fifteen years.  (Curriculum Vitae of
Ambassador Feisal Amin Istrabadi, p.2, Rec. Doc. 127-2) He was also the
principal legal drafter of Iraq's transitional constitution, and the principal
author of the Bill of Fundamental Rights between 2003 and 2004.  (Curriculum
Vitae of Ambassador Feisal Amin Istrabadi, p. 2, Rec. Doc. 127-2) Ambassador
Istrabadi has also appeared frequently on PBS, CNN, CNN International, BBC,
NPR, and other media outlets, and has written extensively on issues involving
Iraqi law. (Curriculum Vitae of Ambassador Feisal Amin Istrabadi, p. 1, 3-12,
Rec. Doc. 127-2)

[6] Mr. Al-Sarraf translates Article 205(2) to state:

Damages may be adjudged to spouses and the next of kin of the family
in respect of the moral injury sustained by them as a result of the
victim's death.

(Aff. of Sermid Al-Sarraf, ¶ 15, Rec. Doc. 112-2)

Ambassador Istrabadi translates Article 205(2) to state:

Compensation may be adjudged to the spouses and to the relatives
from among the family where a moral injury befalls them by reason
of the death of the victim.

(Aff. of Ambassador Feisal Amin Istrabadi, ¶ 8, Rec. Doc. 127-1)

Amended Complaint that Ms. McGee and Mr. Everett *have* filed suit in their own names and asserted claims in their own right as the parents of Christopher Everett for the moral damages they sustained as a result of their son's death.  (Pl.'s First Am. Compl., ¶¶ 1.1, 6.1, Rec. Doc. 105)  Arkel concedes, and Plaintiffs' First Amended Complaint demonstrates, that Ms. McGee and Mr. Everett seek to recover for the pecuniary damages, mental anguish and grief, loss of companionship and society, and loss of inheritance, that *they* allegedly suffered personally as a result of Christopher Everett's wrongful death.[7]  (Mem. in Supp. of Mot. to Dismiss, p. 3, Rec. Doc. 112-1; Pl.'s First Am. Compl., ¶¶ 1.1, 5.2, 6.1, Rec. Doc. 105).

In addition, Arkel does not expressly seek dismissal of Plaintiffs' claims for the damages that they allegedly suffered personally, directing its argument only to Plaintiffs' claims for the personal injuries, pain, and mental anguish that *Plaintiffs' son, Christopher Everett*, sustained prior to his death.[8]  (Mem.

---

[7] Plaintiffs' First Amended Complaint states:

> Christopher Everett's family [has] sustained actual damages/material injuries, including the pecuniary losses sustained because of the death of Christopher Everett (including but not limited to the loss of care, maintenance, support, services, advice, counsel and other reasonable contributions of pecuniary value); the mental anguish and grief sustained as a result of the death of Christopher Everett; the loss of companionship and society; and damages for the loss of inheritance.

(Pl.'s First Am. Compl., ¶ 5.2, Rec. Doc. 105)

[8] The limited scope of Arkel's 12(b)(6) motion to dismiss is apparent from the following passage in Arkel's Memorandum, in which it argues:

> Although Plaintiffs attempt to state a survival action in this case, Iraqi law does not recognize such cause of action , and the

in Supp. of Mot. to Dismiss, pp. 5-6, Rec. Doc. 112-1) Based on
the expert affidavits, the allegations in Plaintiffs' First
Amended Complaint, and the limited scope of Arkel's argument, the
Court finds that Plaintiffs have stated a claim for which relief
may be granted under Iraqi law.  Accordingly, Arkel's motion to
dismiss will be denied to the extent it seeks dismissal of
Plaintiff's claims on their own behalf for any moral damages they
personally sustained as a result of their son's death.

However, the Court finds that Arkel's motion has merit to
the extent that it seeks dismissal of the claim asserted by Ms.
McGee on behalf of the Estate of Christopher Everett for the
personal injuries, pain, and mental anguish that Christopher
Everett sustained prior to his death.  Arkel's argument in its
motion was aimed nearly exclusively at Plaintiffs' claims seeking
recovery for the personal injuries, pain, and mental anguish that
Christopher Everett allegedly suffered before his death.  In his
affidavit, Arkel's expert, Mr. Al-Sarraf, concludes that under
Articles 202 and 203 of the tort provisions of the Iraqi Civil
Code, a decedent's right to compensation is extinguished upon his

_____

Plaintiffs' *claims on behalf of Christopher Everett for injuries
allegedly sustained by Everett should be dismissed with prejudice.*
Dismissal of Plaintiffs' claims that are brought on behalf of
Christopher Everett and on behalf of the Estate of Christopher
Everett, for injuries allegedly sustained by Everett, is appropriate
on a Rule 12(b)(6) motion, because even if the factual allegations
are accepted as true, Plaintiffs fail to state a claim under which
relief may be granted against Arkel under Iraqi law.

(Arkel's Mem. in Supp. of Mot. to Dismiss, p.6, Rec. Doc. 112-1) (emphasis
added).

death and does not pass to his heirs or to his estate.

Article 202 of the Iraqi Civil Code, as stated by Mr. Al-Sarraf in his affidavit, provides:

> Every act which is injurious to persons such as murder, wounding, battery, or any other kind of inflicting injury entails payment of compensation by the perpetrator.

Article 203 of the Iraqi Civil Code, as stated by Mr. Al-Sarraf in his affidavit, provides:

> In case of murder and in case of death resulting from wounds or any other injurious act renders the perpetrator liable to pay compensation to the dependents of the victim who have been deprived of sustenance on account of the murder or death.

(Aff. of Sermid Al-Sarraf, ¶ 10, Rec. Doc. 112-2)

According to Mr. Al-Sarraf, Article 202 is a general provision defining civil liability for tortious conduct, and Article 203 is a specific provision that specifies the type of compensation permitted in the event that the tortious conduct results in the death of the injured party.  Mr. Al-Sarraf interprets the two provisions together as follows:

> [T]he victim of a tortious act is entitled to compensation under Civil Code Article 202; however if he/she dies as a result of the tortious act he/she is no longer entitled to compensation under Article 203 of this Code.  Such compensation under this specific provision dealing with fatalities arising from tortious conduct is directed at those who are dependent upon the deceased and have no other means of support pursuant to this article.

(Aff. of Sermid Al-Sarraf, ¶ 12, Rec. Doc. 112-2)

Mr. Al-Sarraf reaches his conclusion that Article 203 extinguishes the decedent's right to compensation under Article 202 based on Article 2 of the Civil Code and "a general legal

principle in interpreting laws which states that the specific provisions or laws limit the general ones." (Aff. of Sermid Al-Sarraf, ¶¶ 11-12, Rec. Doc. 112-2) Article 2 of the Iraqi Civil Code states that "where there is a provision no independent judgment is permissible." (Aff. of Sermid Al-Sarraf, ¶ 11, Rec. Doc. 112-2) According to Mr. Al-Sarraf, under the general interpretive principle, Article 203, the specific provision for cases involving murders or deaths resulting from tortious conduct, limits the application of the general provision in Article 202, by specifying the type of compensation permitted in cases of murder or tortious conduct resulting in the death of the injured party. (Aff. of Sermid Al-Sarraf, ¶ 12, Rec. Doc. 112-2) According to Mr. Al-Sarraf, the compensation is limited to the "dependents of the victim who have been deprived of sustenance on account of the murder or death." Mr. Al-Sarraf contends that Article 2 prevents any interpretation or independent judgment expanding the scope of compensation in Article 203. (Aff. of Sermid Al-Sarraf, ¶ 11, Rec. Doc. 112-2) Mr. Al-Sarraf also notes that Article 5 of the Iraqi Code of Civil Procedure provides:

> Any of the heirs may act as a counterpart (litigant) in any suit filed for or against the deceased. However, the counterpart in relation to a particular property in the estate shall be the heir who has acquired such a property.

(Aff. of Sermid Al-Sarraf, ¶ 13, Rec. Doc. 112-2)

According to Mr. Al-Sarraf, Article 5 is a procedural

article that does not create a right by which an heir may initiate a suit after a decedent's death for injuries sustained by the decedent. (Aff. of Sermid Al-Sarraf, ¶ 13, Rec. Doc. 112-2) Under Mr. Al-Sarraf's interpretation, Article 5 is only implicated when a case was filed by the decedent during his lifetime or on behalf of the decedent for a right that survives his or her death.   (Aff. of Sermid Al-Sarraf, ¶ 13, Rec. Doc. 112-2) Mr. Al-Sarraf acknowledges that the Iraqi Cassation Court, the highest non-constitutional court in Iraq, has held that if an injured victim initiated a demand for compensation *prior to his death* and a judgment is obtained, the compensation will be considered part of the decedent's estate to be distributed to his heirs. (Aff. of Sermid Al-Sarraf, ¶ 14, Rec. Doc. 112-2) However, those do not appear to be the facts in the instant case.

In their response to Arkel's Motion to Dismiss, Plaintiffs did not address Arkel's central argument regarding the claims for damages that the decedent, Christopher Everett, sustained. Instead, Plaintiffs contended that Arkel's motion should be denied because both Plaintiffs properly asserted claims for the damages that *they personally sustained* as a result of their son's wrongful death.  Plaintiffs have not argued in response that they are entitled to assert claims individually to recover for the damages that Christopher Everett allegedly sustained prior to his death, or that Ms. McGee is entitled to assert a claim on behalf of the Estate of Christopher Everett to recover for the damages

15

that Christopher Everett sustained prior to his death.  In addition, Plaintiffs' expert on Iraqi law, Ambassador Istrabadi, did not address the viability of Plaintiffs' claims or Ms. McGee's claim on behalf of the Estate to recover for the personal injuries, pain, and mental anguish Christopher Everett sustained prior to his death.  Thus, Plaintiffs have failed to submit any evidence countering  Mr. Al-Sarraf's contention based on Articles 202 and 203 of the Iraqi Civil Code.  Because Plaintiffs have failed to prove that Iraqi law provides either the decedent's estate or his relatives with a right to recover for the damages the decedent suffered prior to his death, Arkel's 12(b)(6) motion to dismiss will be granted to the extent that Plaintiffs assert claims individually or on behalf of Christopher Everett's estate for the personal injuries, pain, and mental anguish that Christopher Everett allegedly suffered before his death.

**B. Plaintiffs' Alternative Motion to Substitute Under Rule 17(a)(3) of the Federal Rules of Civil Procedure**

Plaintiffs assert that Rule 17(a)(3) of the Federal Rules of Civil Procedure mandates that the Court allow the real party in interest, Kyle Everett, to be substituted for the Estate of Christopher Everett.  Rule 17 states in pertinent part:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in

interest.

FED. R. CIV. P. 17(A)(3).

Plaintiffs' argument relying on Rule 17(a)(3), <u>Anderson v.</u> <u>Bristol, Inc.</u>, 847 F. Supp. 2d 1128, 1134-35 (S.D. Iowa 2012), and <u>Webster v. Gower</u>, No. 07-888, 2010 WL 520522 (D. Utah 2010), is misplaced.[9]   Contrary to Plaintiffs' assertion that <u>Anderson</u> is directly on point, involved substantially similar facts, and offers persuasive authority for allowing substitution in the instant case, the petition filed in <u>Anderson</u> originally named, "The Estate of Norman Anderson" as the plaintiff.  847 F. Supp. at 1131.  The caption was later amended to name "Lana Anderson as Administrator of the Estate of Norman Anderson," as the plaintiff.  <u>Id.</u>  By contrast, in the instant case, "the Estate of Chris Everett" was never named as a plaintiff, much less the only plaintiff.  Ms. McGee and Mr. Everett were always the only named Plaintiffs, although Ms. McGee asserted claims in both her individual capacity and *on behalf of* the Estate of Christopher Everett.[10]

Similarly, <u>Webster</u>, the other case that Plaintiffs cite in support of their request to substitute Kyle Everett for the

---

[10] The caption for Plaintiffs' Original Petition for Damages stated that the plaintiffs were "Larraine McGee, as Surviving Mother of Chris Everett and *on Behalf of the Estate* of Chris Everett, and Patrick Everett, as Surviving Father of Chris Everett."  (Rec. Doc. 1-2, p. 3)  Similarly, the caption for Plaintiffs' First Amended Complaint similarly stated that the plaintiffs were "Larraine McGee, as Surviving Mother of Christopher Everett and *on Behalf of the Estate* of Christopher Everett, and Patrick Everett, as Surviving Father of Christopher Everett."  (Rec. Doc. 105, p. 1)

Estate of Christopher Everett, is inapplicable.  In that case, the decedent's parents originally brought a wrongful death action in their individual capacities as the heirs of their deceased son.  2010 WL 520522 at *4.  They requested that they be permitted to substitute their son's Estate as the real party in interest under Rule 17(a)(3) if the court found that they lacked standing to assert a wrongful death action in their individual capacities.  Id. at *4-5.  After the Court found that the decedent's parents lacked standing to assert a wrongful death action, the court granted them additional time to substitute the real party in interest, the decedent's estate, before dismissing their case.  Id. at *5.  Thus, the facts in Anderson and Webster are not analogous to the facts in the instant case. First, the instant action is not subject to dismissal for failure to prosecute in the name of the real party in interest, because, as discussed above, the named Plaintiffs, Mr. Everett and Ms. McGee, are real parties in interest.  Thus, even if the Estate of Christopher Everett had improperly been named as a party to the instant lawsuit, which it was not, as discussed below, the Court would not dismiss the entire case.  The Court would merely dismiss the Estate of Christopher Everett as a party, leaving Plaintiffs, Mr. Everett and Ms. McGee, to proceed with their claims.

Furthermore, the Court cannot grant Plaintiffs' request to "substitute" Kyle Everett for the Estate of Christopher Everett,

18

because the Estate of Christopher Everett was never named as a party to the instant lawsuit.  Both the Plaintiffs' Original Petition for Damages and First Amended Complaint specified that Larraine McGee and Patrick Everett were suing in their individual capacities as the surviving parents of Christopher Everett, and that Ms. McGee was also suing *on behalf of* the Estate of Christopher Everett. (Rec. Docs. 1-2, 105)

Thus, Plaintiffs actually seek to join Kyle Everett, Christopher Everett's brother, as an additional plaintiff in the instant action, not to substitute him for the Estate of Christopher Everett.  Consequently, Rule 15(a) and Rule 20(a) of the Federal Rules of Civil Procedure concerning amendments to the pleadings and permissive joinder of parties, and the case law applying those rules, are implicated, not Rule 17(a)(3).  <u>See e.g.</u>, <u>David v. Signal Int'l, L.L.C.</u>, No. 08-1220, 2012 WL 4344540, at *5 (E.D. La. Sept. 21, 2012) (collecting authorities for the proposition that Rules 15 and 20 of the Federal Rules of Civil Procedure are applicable when a court is confronted with a motion to amend that seeks to join additional plaintiffs and stating that "any analysis of Rule 20 is necessary only when an amended complaint seeks to add *additional plaintiffs*") (emphasis added).

Plaintiffs must invoke the appropriate procedural mechanism. The Court declines to construe Plaintiffs' motion to substitute under Rule 17(a)(3) as a motion to amend to join Kyle Everett as

an additional plaintiff, because such a motion involves a different standard that is not fully briefed and before the Court at this time.  These considerations weigh against granting the Plaintiffs' motion to "substitute" Kyle Everett.

Accordingly,

**IT IS ORDERED** that Arkel's 12(b)(6) Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Arkel's 12(b)(6) Motion to Dismiss is **DENIED** with respect to Plaintiffs' claims in their individual capacities for the damages that they allegedly suffered as a result of the wrongful death of their son, Christopher Everett.

**IT IS FURTHER ORDERED** that Arkel's 12(b)(6) Motion to Dismiss is **GRANTED** with respect to Ms. McGee's claim on behalf of20 the Estate of Christopher Everett for the injuries, pain, and mental anguish that Christopher Everett sustained between the time of his injury and death, as well as any claims that Plaintiffs purport to assert individually for the injuries, pain, and mental anguish that Christopher Everett sustained prior to his death.

**IT IS FURTHER ORDERED** that Plaintiffs' Alternative Motion to Substitute is **DENIED.**

**IT IS FURTHER ORDERED** that Ms. McGee's claim on behalf of the Estate of Christopher Everett for the injuries, pain, and mental anguish that Christopher Everett sustained prior to his

20

death, as well as any claims that Plaintiffs purport to assert individually for the injuries, pain, and mental anguish that Christopher Everett sustained prior to his death, are hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 5th day of December, 2012.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE